IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ELAINE M. R.,

                Plaintiff,

  v.                                      Civil Action No.
                                              6:20-cv-0759 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFF | |
| CONBOY McKAY LAW FIRM<br>407 Sherman Street<br>Watertown, New York 13601-9990 | VICTORIA H. COLLINS, ESQ. |
| FOR DEFENDANT | |
| SOCIAL SECURITY ADMIN.<br>625 JFK Building<br>15 New Sudbury St<br>Boston, MA 02203 | JESSICA RICHARDS, ESQ. |

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on November 4, 2021, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated: November 9, 2021
Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------x
ELAINE MARIE R.,

                          Plaintiff,

vs.                          6:20-CV-759

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
-----------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on November 4, 2021, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | CONBOY, McKAY LAW FIRM<br>Attorneys at Law<br>407 Sherman Street<br>Watertown, New York  13601-9990<br>  BY:  VICTORIA H. COLLINS, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of General Counsel<br>J.F.K. Federal Building<br>Room 625<br>Boston, Massachusetts  02203<br>  BY:  JESSICA RICHARDS, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1              (The Court and all counsel present by
2                    telephone.)
3         THE COURT:  I appreciate your excellent
4   presentations in writing and your excellent succinct
5   presentations here during the hearing.
6         I have before me an application by the plaintiff to
7   vacate a determination by the Acting Commissioner of Social
8   Security pursuant to 42 United States Code Sections 405(g)
9   and 1383(c)(3).
10         The background is as follows:  Plaintiff was born
11  in June of 1987, she is currently 34 years old.  She was 29
12  years of age at the alleged onset of disability on
13  December -- I'm sorry, January 12, 2007.  Plaintiff lives in
14  Croghan, New York with her parents and brother.  She is
15  single.  Plaintiff stands 5 foot, 8 inches in height and
16  weighed at various times between 250 and 261 pounds.
17  Plaintiff has a college degree and has undertaken some
18  graduate coursework.  Plaintiff does not have any work that
19  has been considered as substantial gainful activity, or SGA.
20  There is a little discrepancy, or let's say the record is
21  equivocal as to when she stopped working.  At 223 she states
22  she stopped working on May 20, 2011.  There is reference over
23  on page 31 to working at Walmart for six months, between the
24  end of 2012 and 2013 I believe.  That is not listed on her
25  work history, 14E, or on her functional report, 2E.  In any

1  event, plaintiff's past work has included as a cashier, a
2  child care provider, a lifeguard, a maintenance tour guide --
3  maintenance worker, and a college tour guide.
4         Physically, plaintiff suffers from clostridium
5  difficile colitis, or C.diff, which was diagnosed on
6  March 30, 2007.  She has been treated for a traumatic brain
7  injury.  She is obese.  She has suffered a brachial plexus
8  avulsion of the left upper extremity, status post repair.  My
9  understanding is that the brachial plexus is a group of
10 nerves located in the armpit area, and that an avulsion
11 occurs when the nerves are either completely torn or damaged
12 or stressed.  She also has had ventriculoperitoneal shunting,
13 which is basically placement of a tube or catheter from a
14 cavity in the head to the abdomen to drain excess cerebral
15 spinal fluid.
16        Plaintiff was involved in a motor vehicle accident
17 on January 12, 2007 causing apparent severe injuries.  She
18 was hospitalized from December 12, 2007 to March 9, 2007.
19 The discharge summary is at 400 to 405 of the administrative
20 transcript, wherein at that time she underwent several
21 surgeries that are listed at page 400.  She also followed
22 that hospitalization with rehabilitation at Sunnyview
23 Rehabilitation Hospital.
24        Mentally, plaintiff claims to suffer from
25 depression and anxiety.  She, however, is not undergoing any

1    current treatment or medication for those conditions.
2               Plaintiff has had several providers over time
3    including, at Upstate, Dr. Gregory Canute and several other
4    providers.  She has seen Licensed Clinical Social Worker
5    Philip McDowell seven times, all during 2011.  She has seen
6    Dr. Lee Vance, a psychologist, and from beginning October of
7    2017, she is currently or has been in the past prescribed
8    gabapentin, Lyrica, Percocet, Vicodin, and Alinia for her
9    C.diff.
10              In terms of activities of daily living, plaintiff
11   was able to cook, vacuum, and do other light chores.  She
12   does some personal care, she showers, dresses, reads, she can
13   walk one mile.  She has difficulty with dishes but can do
14   them, she has trouble with buttons and tying her shoes.
15   Plaintiff uses alcohol and marijuana.  The record is
16   equivocal as to the frequency of marijuana use.
17              Procedurally, plaintiff applied for Title XVI
18   Supplemental Security Income payments on June 23, 2017,
19   alleging an onset date of January 12, 2007.  That coincides
20   with the date of her motor vehicle accident.  She claims
21   disability based on traumatic brain injury, brachial plexus
22   avulsion, C.diff, a VP shunt, loss of sense of smell, and
23   insomnia.
24              A hearing was conducted on July 8, 2019 by
25   Administrative Law Judge Timothy G. Stueve to address that

1   application.  On July 25, 2019, ALJ Stueve issued an
2   unfavorable decision which became a final determination of
3   the agency on June 5, 2020 when the Social Security
4   Administration Appeals Council denied plaintiff's application
5   for review.  This action was commenced on July 8, 2020 and is
6   timely.
7           In his decision, the ALJ applied the familiar
8   five-step test for determining disability.
9           At step one, he concluded that plaintiff had not
10  engaged in substantial gainful activity since May 25, 2017.
11          At step two, he concluded that plaintiff suffers
12  from severe impairments that provide more than minimal
13  limitation on her ability to perform basic work activities
14  including obesity, brachial plexus avulsion of left upper
15  extremity status post repair.  In arriving at that
16  conclusion, he rejected C.diff, alcohol abuse, and mental
17  impairments as severe at step two.
18          At step three, he concluded that plaintiff's
19  conditions do not meet or medically equal any of the listed
20  presumptively disabling impairments set forth in the
21  regulations, specifically considering Listings 1.02 and
22  11.14.
23          The ALJ next concluded that plaintiff retains the
24  residual functional capacity, or RFC, to perform light work
25  with additional physical limitations.  There are no mental

1   limitations set forth in the residual functional capacity.
2           At step four, the ALJ noted plaintiff does not have
3   any past relevant work to consider and proceeded to step
4   five.
5           At step five, he found that if plaintiff were
6   capable of performing a full range of light work, a finding
7   of no disability would be directed by the Medical-Vocational
8   Guidelines, or Grids, set forth in the Commissioner's
9   regulations, specifically citing Grid Rule 202.20.  Because
10  of the additional limitations that restricted or limited the
11  job base on which the grids are predicated, he sought the
12  testimony of a vocational expert and, based on that
13  testimony, concluded that plaintiff is capable of performing
14  available work in the national economy and cited as
15  representative positions bus monitor, counter clerk, and
16  shipping weigher.
17          The court's task of course in this case is to
18  determine whether correct legal principles were applied and
19  the resulting determination is supported by substantial
20  evidence.  It is undeniably a very deferential standard,
21  probably more strict, at least the Second Circuit has noted,
22  than the clearly erroneous standard.
23          Plaintiff raises several contentions in this case.
24  She challenges the step two finding that plaintiff's mental
25  impairments and C.diff are not sufficiently severe to meet

1    the modest test at step two.  She also argues that the RFC
2    finding is not supported by substantial evidence, citing the
3    lift and carry -- the lift-and-carry component, rejection of
4    vocational rehab evaluation, and the finding of no mental
5    limitations.
6           And at three, point three, she argues that there is
7    a conflict that was unresolved between testimony of the
8    vocational expert and the Dictionary of Occupational Titles
9    that was unresolved and therefore argues a violation of
10   Social Security Ruling 00-4p.
11          Of course the overarching consideration is that it
12   is plaintiff's burden to establish disability up through step
13   four, the burden of course then shifts at step five to the
14   Commissioner.
15          As to the first argument -- before I get to that, I
16   found one issue that I wanted to raise.  There is a
17   consultative opinion report of an internal medicine
18   examination by Dr. Elke Lorensen in the record.  It appears
19   at 606 to 610 of the record.  It includes a medical source
20   statement that finds marked limitations in certain areas.
21   The opinion is not referenced in the decision.  Because the
22   date of filing of plaintiff's application in this case is
23   governed by the new regulations under 20 C.F.R. Section
24   416.920(c), medical opinions, of which this is one, must be
25   considered using the factors cited in the Regulation.  The

1  fact that it is not cited in the ALJ's decision could provide
2  a basis for remand under *Kentile v. Colvin*, 2014 WL 3534905
3  from the Northern District of New York, July 17, 2014, *Saxon*
4  *v. Astrue*, 781 F.Supp.2d 92 from the Northern District of
5  New York, 2011, and *Javon W. v. Commissioner of Social*
6  *Security*, 2019 WL 1208140, also from the Northern District of
7  New York.
8  However, because the argument was not raised, I
9  find that it is waived. In addition, I also find that if
10 there was error, and there was error, it is harmless because
11 for the most part Dr. Lorensen's medical source statement is
12 consistent with the residual functional capacity finding.
13 The second, or one of the arguments raised is the
14 step two argument. The ALJ rejected C.diff at step two,
15 that's at page 12, citing no recent medical treatment. I
16 find no error in that regard. Dr. Stillman reported on
17 July 17, 2007 at page 657 that plaintiff's C.diff infection
18 was gone, and I didn't see anything to indicate that it
19 persisted to a level that it would interfere with plaintiff's
20 ability to perform basic work functions. So I find that
21 substantial evidence supports that rejection.
22 The next argument raised is, relates to the
23 vocational expert's testimony. Clearly the Commissioner has
24 the burden at step five. That burden can be met by relying
25 on the testimony of a vocational expert presented with a

1  hypothetical that mirrors the residual functional capacity
2  finding.  In this case, the RFC finding specifically provided
3  for no reaching, handling, or fingering with the left upper
4  extremity.
5            As I indicated during the argument, the DOT speaks
6  to reaching, handling, and fingering, as does the SCO for
7  each of these positions.  School bus monitor, the DOT, and
8  specifically DOT 372.667-042 provides that reaching,
9  handling, and fingering are not present in that position.
10 The DOT for counter clerk, 249.366-010, requires occasional
11 reaching, occasional handling, and occasional fingering.  The
12 DOT for shipping and receiving weigher, 222.387-074, requires
13 occasional reaching, frequent handling, and occasional
14 fingering.  The DOT clearly does not contemplate a limitation
15 on just one extremity performing those functions.
16           The SSR 00-4p provides that when there is a
17 conflict between the testimony of a vocational expert and the
18 DOT, there is a duty on the part of the ALJ to resolve the
19 issue.  At page 53 and 54 of the administrative transcript,
20 the ALJ asks if the vocational expert's testimony is
21 consistent with the DOT.  The vocational expert specifically
22 answered that it is, but it was supplemented with regard to
23 the reaching limitation with one hand, through his
24 experience.  The DOT of course, as I indicated, does not
25 address unilateral reaching limitations.  I find no conflict.

If there was a conflict, however, I find the error is harmless.  The bus monitor position, as I indicated, does not require any reaching, handling, or fingering, the VE testified that there are 18,000 available jobs in that category, and that is sufficient to carry the Commissioner's burden.  I find no error at step five.

The problem I have in this case comes with the step two determination of the mental component.  The step two determination is, the test is extremely minimal.  To be severe for step two purposes, an impairment has to significantly limit a claimant's physical or mental ability to do basic work activities.  The test is de minimus and intended only to screen out the truly weakest of cases.  *Dixon v. Shalala*, 54 F.3d 1019 at 1030, Second Circuit 1995.  By the same token, the mere presence of a disease or impairment or mere diagnosis is not sufficient to establish a condition as severe.

Now in this case, we are dealing with a mental impairment.  The regulations provide for evaluation of a mental impairment.  In 20 C.F.R. Section 416.920a(c), it is well established that that requires consideration of plaintiff's functioning in four functional domains or areas that include the understanding, remembering, and applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing

Case 6:20-cv-00759-DEP   Document 14   Filed 11/09/21   Page 14 of 16

16

1   oneself.  The administrative law judge did consider, he
2   states, those four domains.  He, at page 13 of the
3   administrative transcript, in written summary form, recites
4   some of the significant evidence that he believes bears on
5   these functional areas, and then concludes that the medically
6   determinable mental impairments cause no more than mild
7   limitation in any of the functional areas.  He does not,
8   however, as most ALJs do, break them out and discuss them
9   specifically individually, and the one that I have the most
10  problem with is interacting with others.  I didn't see
11  anything in the discussion that allows me to understand the
12  administrative law judge's reasoning in concluding that there
13  is no more than a mild limitation in this area.  I note that
14  the plaintiff testified to outbursts with coworkers at page
15  34; she testified at page 36 to trouble getting along with
16  family and friends; and at 46 to 47, not accepting criticism
17  well.  I believe it was error for the administrative law
18  judge not to lay out his reasoning so that the court could
19  understand it and determine whether it is supported by
20  substantial evidence, so I do find error at this step two
21  determination.
22          Historically, an error at step two is harmless if
23  the administrative law judge goes on to the remaining steps
24  of the sequential analysis.  However, in this case, I can't
25  find that it's harmless because there are no limitations in

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547

1   the RFC speaking to plaintiff's mental condition.  I do find
2   error.  I don't find there is persuasive evidence of
3   disability, however.  I will order that the determination be
4   vacated and the matter remanded for further consideration
5   consistent with this opinion.
6          Thank you both for excellent presentations, I hope
7   you have a good afternoon.
8          MS. COLLINS:  Thank you, your Honor.
9          MS. RICHARDS:  Thank you.
10            (Proceedings Adjourned, 3:27 p.m.)

```
 1              CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4       I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

 5   Official Realtime Court Reporter, in and for the

 6   United States District Court for the Northern

 7   District of New York, DO HEREBY CERTIFY that

 8   pursuant to Section 753, Title 28, United States

 9   Code, that the foregoing is a true and correct

10   transcript of the stenographically reported

11   proceedings held in the above-entitled matter and

12   that the transcript page format is in conformance

13   with the regulations of the Judicial Conference of

14   the United States.

15

16                    Dated this 5th day of November, 2021.

17

18

19                        /S/ JODI L. HIBBARD
                          _____
20                        JODI L. HIBBARD, RPR, CRR, CSR
                          Official U.S. Court Reporter
21

22

23

24

25
```